**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ANGEL FELICIANO, SABRINA LACY,
CHRISTOPHER OLUJOBI, JOSEPH DERRICK,
DOLORES BROWN, JUANA ACEVEDO,
MARIO CEDENO, and LESLIE A. SCOTT (For
themselves and on behalf of all other persons
similarly situated),

                        Plaintiffs,

                 - against -

COUNTY OF SUFFOLK, RICHARD DORMER,
Suffolk County Police Commissioner, JOHN
DOE # 1 through 40 (being Suffolk County police
officers who stopped or searched plaintiffs), JOHN
DOE # 41 through 50 (being unidentified ranking
police officers who supervised John Doe #1
through 40),

                        Defendants.
---------------------------------------------------------------X

**ORDER**

CV 04-5321 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       This class action lawsuit asserts claims under § 1983 for civil rights violations involving an alleged continuing pattern and practice of race-based traffic stops, searches, wrongful detentions, false imprisonment, and other harassment of non-White motorists traveling throughout the County of Suffolk. Compl. ¶ 1. There has been ongoing motion practice regarding the reasonableness of the fee and travel costs for Plaintiffs' expert witness, Diop Kamau, Executive Director of the Police Complaint Center. On December 15, 2006, I issued an Order deferring a ruling on Defendants' letter motion because Plaintiffs had not provided (1) any information concerning what their retained expert is charging them or (2) any information

concerning the prevailing rates for other comparable experts. The parties have since submitted supplementary briefing on this issue which I have received and reviewed.

I have already determined that a flat fee of $7,500, as the expert charges for trial or deposition, as well as the $75 per hour which Defendants seek to have the Court order are both unreasonable. [DE 48] With regard to airfare and hotel costs, Defendants maintain that these costs are properly borne by Plaintiffs' counsel, particularly since Plaintiffs have not made a showing – or even claimed – that there is no acceptable expert on racial profiling available in the New York area. Plaintiffs' counsel argues that Mr. Kamau has "trained more than 5000 officers on the use of force and racial profiling" and that videotapes produced by his organization are "used by more than 1200 police departments across the country for training." [DE 45] Plaintiffs' counsel requests that if the Court is inclined to fix the expert's fee on an hourly basis that the rate be set at $500 per hour, which counsel maintains is reasonable in light of the fact that when the expert last charged an hourly rate some 15 years ago, his rate at that time was $300 per hour.

In my December 12, 2006 Order, I found that there was insufficient information before me to make a determination of what is a reasonable hourly fee for Plaintiffs' expert. Therefore, I directed Plaintiffs to produce, via ECF, further factual information by way of declaration or affidavit, as well as caselaw, supporting their position as to what constitutes a "reasonable fee" and to provide an analysis of the applicable factors delineated in my prior Order.

At the outset, I note that in response to my December 12 Order, Plaintiffs' counsel has not submitted any Affidavit or Declaration from the expert himself. Rather, Plaintiffs' counsel has submitted his own Declaration concerning the reasonableness of the expert's fee and travel

costs. *See* Declaration of K.C. Okoli, Esq. at ¶ 1.[1] In response to my prior Order, Plaintiffs' counsel has provided me with the rates of three experts he has used in the past in the "field of police procedures." Okoli Decl. at ¶¶ 2, 3-5. The first, Dr. R. Paul McCauley, charges an initial retainer of $2,750 and bills $275 per hour plus travel and out-of-pocket expenses. Okoli Decl. at ¶ 3. The second, former New York Police Department Commanding Officer Wallace Zeins, charges a daily flat fee of $1,500 plus $500 per day for travel and $120 per hour to review documents.[2] Okoli Decl. at ¶ 4. The third expert is Maryland Deputy Police Chief Robert W. Klotz who was paid a flat fee of $2,500 for his trial testimony and $1,500 to "review the case and provide a written opinion." Okoli Decl. at ¶ 5. No hourly rate has been provided for Mr. Zeins or Chief Klotz. Plaintiffs' counsel notes that none of the aforementioned experts have "the depth of knowledge which Mr. Kamau has on the subject of racial profiling, both from a theoretical and practical standpoint." Okoli Decl. at ¶ 6. Other than counsel's opinion here, no factual data has been provided to support this conclusion. The Court is not in a position to act upon such a conclusion based upon the lack of supporting data, which should not be construed in any way as any evaluation or criticism of Mr. Kamau's obvious credentials.

Rule 26 (b)(4)(C) of the Federal Rules of Civil Procedure states that "the court shall require that the party seeking discovery pay the expert a reasonable fee for the time spent in responding to discovery. . . ." The factors to be considered in determining whether a requested expert fee is "reasonable" are:

---

[1] All further references to the Declaration of K.C. Okoli, Esq. are hereinafter cited as "Okoli Decl. at ¶ ___.")

[2] For the purpose of this motion, the Court employs the standard 8-hour day and calculates Zeins' hourly rate to be $187.50.

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance in balancing interests implicated by Rule 26.

*Mathis v. NYNEX*, 165 F.R.D. 23, 24 (E.D.N.Y. 1996) (citing *Goldwater v. Postmaster Gen. of the United States*, 136 F.R.D. 337, 340 (D. Conn. 1991)). A review of Plaintiffs' submissions in light of these factors shows that Plaintiffs have not provided the information which the Court previously directed. For example, Plaintiffs have not indicated what fees the expert may forego by being deposed nor has there been any mention of what Mr. Kamau has charged for expert testimony on other occasions. Rather, Plaintiffs' counsel notes in his Declaration that the "Lauderhill Police Department paid him [Mr. Kamau] $2,500 per day for two days of training ($2,000 plus $500 for travel)." Okoli Decl. ¶ at 17. A January 4, 2007 letter from Lauderhill Police Chief Kenneth W. Pachnek confirms that Mr. Kamau will perform Ethics/Diversity Training from January 9, 2007 to January 10, 2007 at the rate of $2,000 per day and a $500 fee for travel expenses. [DE 50]. Additionally, Plaintiffs' counsel has provided a March 20, 2006 invoice from the Police Complaint Center charging the Broward Sheriff's Office $6,000 for "Consulting/Investigation." A training fee does not equate with a fee earned for giving expert testimony. Plaintiffs' counsel does state that when Kamau "last testified as an expert some 15 years ago, he charged $300 per hour." Reply Declaration of K.C. Okoli, Esq. at ¶ 18[3]; *see also*

---

[3]  All further references to the Declaration of K.C. Okoli, Esq. are hereinafter cited as "Okoli Reply Decl. at ¶ ___.")

Affirmation of Arlene S. Zwilling, Esq. at ¶ 8[4] ("Particularly critical is that there is not one word mentioned in the declaration as to what fees Mr. Kamau has charged for testimony in a racial profiling case or in another type of civil rights case for that matter").

Likewise, Plaintiffs have provided no caselaw regarding what constitutes a reasonable fee for Mr. Kamau's testimony nor any useful information concerning the fees of comparable experts. The information provided concerning the other three experts is not directly comparable since their expertise is in the "field of police procedures," *see* Okoli Decl. at ¶¶ 2, 3-5, whereas Mr. Kamau intends to testify about racial profiling. However, this is the only somewhat similar specialty area that Plaintiffs have provided. No hourly rate has been provided for Chief Klotz. Officer Zein's average hourly rate is $187.50. This is significantly different from the $326 hourly fee Plaintiffs' counsel seeks to obtain for Mr. Kamau.

Plaintiffs' counsel states that "while the defendants dispute the plaintiff's request for $326 per hour, as a reasonable fee, they have failed to demonstrate what experts 'comparable' to Mr. Kamau charge, and what is a reasonable fee in light of Kamau's very unique qualification (both personal and professional) on the subject of racial profiling." Okoli Reply Decl. at ¶ 21. However, this is not the *Defendants'* burden. In *Garnier v. Illinois Tool Works, Inc.*, No. 04-CV-1825, 2006 WL 1085080, at *3 (E.D.N.Y. Apr. 24, 2006), plaintiff disputed the fee charged by defendant's expert witness and the Court held that defendants "failed to provide information regarding the remaining factors – prevailing rates for other comparably respected available experts, the fee actually being charged to the party who retained the expert and the fee

---

[4] All further references to the Affirmation of Arlene S. Zwilling, Esq. are hereinafter cited as "Zwilling Aff. at ¶ ___.")

traditionally charged by the expert on related matters – which militates in favor of a reduced fee award." *Id.*

Since Mr. Kamau is Plaintiffs' expert witness, I find that it is Plaintiffs' burden to show that his fee is reasonable. Plaintiffs' counsel urges the Court to award Kamau "$326 per hour based upon the average of what is paid for teaching law enforcement personnel, as shown in documents attached to my main Declaration (DE 50)." Okoli Reply Decl. at ¶ 22. Plaintiffs' counsel arrives at this figure based upon Mr. Kamau's charging "$2,500 and $3,000 per day. . . as renumeration for consulting/training," which equates to an hourly rate of compensation between $277 and $375. An average of those two rates results in a figure of $326 per hour. Okoli Decl. at ¶ 20. Although the rate of $326 per hour may be an amount which the market will bear for training large numbers of law enforcement personnel in a group setting, testifying here as an expert in racial profiling is a different endeavor. The rate of $326 per hour for Kamau's deposition and trial testimony is excessive.

It is well settled that the Court may exercise its discretion to determine a reasonable fee. *See Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003); *see also Carafino v. Forester*, No. 03-CV-6258, 2005 WL 1020892, at *2 (S.D.N.Y. Apr. 29, 2005). In addition to the factors listed in *NYNEX*, 165 F.R.D. at 24, Courts also look to (1) the fee being charged to the party who retained the expert; and (2) fees traditionally charged by the expert on related matters. *Id.* (citing *Jochims v. Isuzu Motors, Ltd.* 141 F.R.D. 493, 496 (S.D. Iowa 1992)). An analysis of the last factor – the fees traditionally charged by the expert on related matters – is instructive in arriving at what is reasonable fee for Mr. Kamau's testimony. Mr. Kamau's most recent fee as provided by Plaintiffs was the $200 per day fee charged to the Lauderhill Police

Department. Breaking that computation down to an 8-hour day yields an hourly rate of $250. I find it reasonable that Mr. Kamau be paid $250 per hour for his deposition testimony. I also find $175 per hour to be a reasonable fee for his preparation for his deposition up to a maximum of five (5) hours.

With respect to Mr. Kamau's reimbursement for travel time, a number of courts in the Second Circuit have held that Rule 26(b)(4)(C) "permits recovery of fees for an expert's travel time along with the expert's out-of-pocket expenses." *Bonner v. American Airlines, Inc.*, No. 96-CV-4762, 1997 WL 802894, at *1 (S.D.N.Y. Dec.31, 1997); see also Garnier, 2006 WL 1085080, at *2 (allowing recovery of travel time and expenses); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y.1997) ("Travel time has been held compensable"); *David Tunick, Inc. v. Kornfeld*, 151 F.R.D. 534, 536 (S.D.N.Y.1993); *In re "Agent Orange" Prod. Liab. Litig.*, 105 F.R.D. 577, 582 (E.D.N.Y.1985). As previously noted, since I have not received a Declaration or Affidavit from Mr. Kamau himself it is impossible to know the exact amount of what was spent on travel costs to the deposition. However, the request sum of $1,000 for local travel costs is excessive. Mr. Kamau's deposition on December 8, 2006 was taken by telephone. He was required to travel a limited distance to the location where the stenographer was located to give his testimony. I find that $50 for Mr. Kamau's out-of-pocket expenses is reasonable under these circumstances. *See, e.g., Garnier*, 2006 WL 1085080, at *3; *Frederick v. Columbia University*, 212 F.R.D. 176 (S.D.N.Y. 2003). Importantly, as Plaintiffs' counsel notes in his January 13, 2007 Reply Declaration, Kamau is not charging Plaintiffs anything for reviewing materials and preparing a report. See Okoli Reply Decl. at ¶ 12. ("Even if Mr. Kamau had charged plaintiffs any retainer in this case, it will never be applied to any part of the work which

he does in preparing for his deposition by the defendants.") Nor am I requiring Defendants to pay a fee for Kamau's review of the litigation materials or expert report in this matter. This is based on Plaintiffs' counsel's representations that Mr. Kamau was reviewing the materials to prepare an expert report on a pro bono basis. *See* Okoli Reply Decl. at ¶ 11. Based on the foregoing, it is hereby

ORDERED, that Defendants are directed to pay Plaintiffs' expert witness, Diop Kamau, $250 per hour for the time spent in his deposition on December 8 testimony plus $175 per hour for up to five (5) hours of deposition preparation. These fees are to be paid no later than October 15, 2007; and it is further

ORDERED, that Defendants pay Plaintiffs' expert witness, Diop Kamau, $50 for his out-of-pocket expenses in traveling to the deposition.

**SO ORDERED.**

Dated: Central Islip, New York
September 26, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge