UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANGEL FELICIANO, SABRINA LACY,
CHRISTOPHER OLUJOBI, JOSEPH DERRICK,
DOLORES BROWN, JUANA ACEVEDO,
MARIO CEDENO, and LESLIE A. SCOTT (For
themselves and on behalf of all other persons
similarly situated),

                       Plaintiffs,

          - against -

COUNTY OF SUFFOLK, RICHARD DORMER,
Suffolk County Police Commissioner, JOHN
DOE # 1 through 40 (being Suffolk County police
officers who stopped or searched plaintiffs), JOHN
DOE # 41 through 50 (being unidentified ranking
police officers who supervised John Doe #1
through 40),

                       Defendants.
---------------------------------------------------------------X

**ORDER**

CV 04-5321 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Defendants move by letter motion [DE 53] pursuant to Fed. R. Civ. P. 37 to preclude Plaintiffs' expert from testifying at the trial of this action based on Plaintiffs' failure to comply with Rule 26(a)(2)(B). Defendants' counsel argues that Plaintiffs failed to comply with my previous Order [DE 49] directing Plaintiffs to provide their expert's supplemental expert report by January 2, 2007 and taking note of the fact that Defendants' counsel was unaware of the expert's intention to give a second expert opinion on a previously unidentified subject matter. In that Order, I further directed that Plaintiffs were to pay any fees associated with the expert's supplementary deposition since Plaintiffs were responsible for the circumstances they had

1

created.

A supplemental report was provided. However, Defendants claim that the report did not disclose that the expert's opinion was based, in part, upon interviews of eight (8) unnamed non-parties. At the continuing deposition of the expert on February 2, 2007, the expert apparently revealed for the first time that he had notes and tape records of these interviews which he acknowledged reviewing in forming his opinions. These materials did not appear in the list of "Materials Reviewed" by the expert in forming his opinion when the expert report was provided to Defendants. Among other things, Defendants assert, the expert stated that he would not or could not disclose the names of the persons interviewed. Defendants' counsel states that she contacted Plaintiffs' counsel after the deposition, at which time Plaintiffs's counsel gave assurances that Defendants would be provided with the audiotapes, the names of the non-parties who were interviewed and the expert's interview notes. According to Defendants' counsel, these materials have never been provided, thereby giving rise to the current motion to preclude.

In opposing the letter motion, Plaintiffs' counsel states that his expert made reference to the tapes in his report dated January 5, 2007, nearly a month before the continuing deposition on February 2 and that Defendants' counsel never raised the issue with him prior to the deposition. [DE 55] After the deposition, Plaintiffs' counsel maintains, he spoke with Defendants' counsel on February 9 and explained that he was expecting documents from the expert over the weekend and would send them to her by that Monday, February 12 and Defendants' counsel said this was "alright with her." [DE 55] According to Plaintiffs' counsel, he sent materials to opposing counsel on February 12, with a cover letter asking for counsel's e-mail address so that he could forward the responsive video/audio materials he had received from his expert. Plaintiffs'

2

counsel further states that Defendants' counsel did not contact him before filing this letter motion, nor has she ever supplied her e-mail address. Plaintiffs' counsel asserts that this letter motion is frivolous and further seeks sanctions upon Defendants' counsel for filing the letter motion.

Rule 26(a)(2)(B) states that

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; ***the data or other information considered by the witness in forming the opinions***; and exhibits to be used as a summary of or support for the opinions . . .

Fed. R. Civ. P. 26(a)(2)(B) (emphasis supplied).

According to Defendants' counsel, the materials sent by Plaintiffs on February 12, 2007 were not the taped interviews but other discovery materials. [DE 56] I find that Plaintiffs have not complied with Rule 26(a)(2)(B) since the referenced tapes have not been produced. *See Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 642 (E.D.N.Y. 1997) (stating that Rule 26(a)(2)(B) mandates disclosure of "**all** materials reviewed by an expert witness.") (emphasis in original); *see also Cruz v. United States*, No. 96-CV-2031, 1998 WL 846809, at *2 (E.D.N.Y. Oct. 15, 1998) (holding that opposing counsel must be provided with all information relied upon by expert to enable counsel to conduct cross-examination).

Having reviewed the papers submitted by both sides, and having further reviewed the applicable case law, it is hereby

ORDERED, that Defendants' motion to preclude Plaintiffs' expert from testifying at trial

is DENIED; and it is further

ORDERED, that Plaintiffs' counsel is to provide Defendants' counsel with a hard copy of the video/audio materials at issue here no later than October 12, 2007, unless Defendants' counsel would prefer to receive the items in e-mail format, in which case Defendants' counsel must notify Plaintiffs' counsel of the same no later than the close of business on September 28, 2007; and it is further

ORDERED, that Plaintiffs' motion for the imposition of sanctions against Defendants' counsel is DENIED; and it is further

ORDERED, that the parties are to participate in a telephone conference with the Court on October 18, 2007 at 11:30 a.m. Plaintiffs' counsel is to initiate the call to Chambers.

**SO ORDERED.**

Dated: Central Islip, New York
September 26, 2207

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge