```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANGEL FELICIANO, SABRINA LACY,
CHRISTOPHER OLUJOBI, DOLORES BROWN,
and LESLIE A. SCOTT (for themselves
and on behalf of all other persons
similarly situated),

                Plaintiffs,             MEMORANDUM & ORDER
                                        04-CV-5321 (JS)(AKT)
        -against-

COUNTY OF SUFFOLK, RICHARD DORMER,
Suffolk County Police Commissioner,
JOHN DOE # 1 through 40 (being Suffolk
County police officers who stopped or
searched plaintiffs, JOHN DOE # 41
through 50 (being unidentified ranking
police officers who supervised JOHN
DOE # 1 through 40),

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Emmanuel Roy, Esq.
                   26 Court Street, Suite 1503
                   Brooklyn, NY 11242

                   Kenechukwu Chudi Okoli, Esq.
                   K.C. Okoli, Attorney at Law
                   330 Seventh Avenue, 15th Floor
                   New York, NY 10001

For Defendants:    Arlene S. Zwilling, Esq.
                   Suffolk County Attorney's Office
                   H. Lee Dennison Building-Fifth Floor
                   100 Veterans Memorial Highway
                   P.O. Box 6100
                   Hauppauge, NY 11788-0099
```

SEYBERT, District Judge:

        On January 21, 2008, Magistrate Judge A. Kathleen

Tomlinson issued an order ("January 2008 Order") striking certain

portions of an Amended Report and Opinion of Dr. Diop Kamau, an expert witness retained by Plaintiffs. Presently pending are Plaintiffs' objections to the January 2008 Order.

BACKGROUND

The Court assumes the parties' familiarity with the relevant factual background. Briefly, Plaintiffs retained an expert witness, Dr. Diop Kamau, to opine on whether Suffolk County police officers were engaging in racial profiling of minority motorists. An issue arose regarding eight witnesses who Dr. Kamau interviewed regarding their experiences with the Suffolk County Police Department. After much back and forth on the issue, it was determined that Dr. Kamau could not provide sufficient identifying information concerning the eight witnesses. Accordingly, in lieu of precluding Dr. Kamau's report and opinion in its entirety, Judge Tomlinson directed Plaintiffs to discuss with Dr. Kamau the possibility of amending his opinion to excise the portion of the opinion discussing the eight witnesses and "exclude any proffers based upon consideration of the statements and interviews of those witnesses." (Order dated December 19, 2007.) On January 8, 2008, Plaintiffs' counsel faxed to Judge Tomlinson Dr. Kamau's Amended Report and Opinion, which purportedly excised reference to and reliance upon the eight excluded witnesses.

After carefully reviewing the Amended Report and Opinion,

Judge Tomlinson rendered a detailed analysis of the reports to date and found that the restatement of certain of Dr. Kamau's opinions ran counter to her previous rulings regarding consideration of the statements of the eight witnesses. (January 2008 Order 5.) Judge Tomlinson held that, in rendering his opinion, Dr. Kamau was limited to considering incidents involving Christopher Olujobi, Angel Feliciano, Dolores Brown, Ritchie Rivera, Greg Slate, and Dr. Kamau's personal experience in August 2004. Id. Additionally, Judge Tomlinson directed that five of the 21 conclusions proffered by Dr. Kamau in the Amended Report and Opinion be struck as outside the scope of the permissible specific considerations. An appeal of the January 2008 Order followed.

DISCUSSION

I. Standard Of Review

The Court may set aside a Magistrate's order concerning non-dispositive matters only if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." E.E.O.C. v. First Wireless, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)) (alteration in original). An order is "contrary to law when it fails to apply or misapplies

relevant statutes, case law or rules of procedure." First Wireless, 225 F.R.D. at 405. Furthermore, discovery matters are generally considered non-dispositive. See id. "A magistrate judge's resolution of discovery disputes deserves substantial deference and is overruled only if there is an abuse of discretion." Id. (internal quotation marks and citation omitted).

II. Expert Witness

Rule 702 of the Federal Rules of Evidence provides:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Pursuant to Rule 702, district court judges have discretionary authority "to determine [the] reliability [of an expert's testimony] in light of the particular facts and circumstances of the particular case." Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 178 (S.D.N.Y. 2008) (quoting Kumho Tire Company, Ltd. v. Carmichael, 526 U.S. 137, 158, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)) (alteration in original). "The rule

incorporates the principles established in Daubert v. Merrell Dow Pharms., Inc., in which the Supreme Court charged trial courts with a gatekeeping role to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" Great N. Ins. Co. v. Power Cooling, Inc., No. 06-CV-0874, 2007 U.S. Dist. LEXIS 95912, at *13-14 (E.D.N.Y. Dec. 18, 2007) (quoting Daubert, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)).

In applying Rule 702, the Second Circuit has advised that courts should consider whether (1) the witness is "qualified as an expert" to testify as to a particular matter; (2) the opinion proffered by the expert is based upon reliable data and methodology; and (3) the expert's testimony (as to a particular matter) will "assist the trier of fact." Nimely v. City of New York, 414 F.3d 381, 397 (2d Cir. 2005). "[T]he Supreme Court has also stated that reliability within the meaning of Rule 702 requires a sufficiently rigorous analytical connection between that methodology and the expert's conclusions. Nimely, 414 F.3d at 396 (citing General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997) ("A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."). Thus, "when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of

that unreliable opinion testimony." <u>Nimely</u>, 414 F. 3d at 396-97 (quoting <u>Amorgianos v. Amtrak</u>, 303 F.3d 256, 266 (2d Cir. 2002)). Moreover, the burden is on the party seeking to admit the expert testimony to prove its admissibility by a preponderance of the evidence. <u>Daubert</u>, 509 U.S. at 593 n.10.

The issue here centers on the reliability of certain opinions proffered by Dr. Kamau. Dr. Kamau proffered 21 opinions based on his review of, <u>inter alia</u>, Suffolk County Police Department Civil Complaint Procedures, Summons Procedures, Arrest Procedures, and Reporting Police Activities; review of deposition testimony of Plaintiffs and police witnesses; and his own personal experience and investigation of the Suffolk County Police Department in 2004. In accordance with Judge Tomlinson's December 19, 2007 order, Dr. Kamau explicitly states that his "report excludes my consideration of the complaints of eight (8) members of the public regarding racial profiling by Suffolk County police." (Amended Report and Opinion 1.) After careful review of the Amended Report and Opinion, Judge Tomlinson held that some of his conclusions necessarily relied on the larger, excluded pool of witnesses. (January 2008 Order.)

In holding that Dr. Kamau was not permitted to "opine, by more indirect and subtle reliance upon the excluded larger pool of witnesses he interviewed, about more generalized

6

assumptions and conclusions which necessarily involve a larger group and which go beyond the scope of the opinion" previously ruled as appropriate, Judge Tomlinson struck five of the 21 opinions set forth in the Amended Report and Opinion. (January 2008 Order 5). Specifically, Judge Tomlinson directed that the following paragraphs be struck from the Amended Report and Opinion:

> o. In many instances citizens' complaints are not recorded by Suffolk County officials because desk officers discouraged such complaints or refused to provide citizens with complaint forms or explain the complaint filing process.
> p. Suffolk County police systematically obstructs citizen complaints and does not follow its own policies regarding receipt of citizen complaints.
> q. While one can reasonably infer that there are numerous law-abiding citizens out there, certainly in the hundreds, whose racial profiling or police misconduct complaints are not recorded because of the attitude of Suffolk County police to such complaints, it is impossible to determine the exact number of those who have been victimized.
> . . . .
> s. It is impossible to know the number of motorists who were racially profiled by Suffolk County police officers, especially in light of the fact that Suffolk County did not have a reliable complaint recording or monitoring system.
> . . . .
> u. Based upon the number of times Olujobi and Feliciano were stopped, my test of Suffolk County racial profiling of motorists, and the fact that would-be complainants of racial profiling incidents are discouraged by Suffolk

>       County police, it is safe to say that at
>       least three motorists are profiled every
>       day in Suffolk County by the police i.e.
>       100s in any one year period [sic].

(Amended Report and Opinion 9-10.)

Plaintiffs challenge Judge Tomlinson's ruling with a single argument: "Based upon all of [the materials reviewed], together with his own personal experience and investigation of Suffolk County in 2004, [Dr. Kamau] certainly could opine" to the paragraphs struck by Judge Tomlinson. (Pls.' Objections 4). In other words, Plaintiffs do not attempt to show how Judge Tomlinson's order was clearly erroneous or contrary to law; they simply disagree with it. Unfortunately for Plaintiffs, their disagreement with Judge Tomlinson's decision does not render it clearly erroneous.

Moreover, Judge Tomlinson was well within her discretion in directing that the previously identified opinions be struck from Dr. Kamau's report as unreliable. Dr. Kamau attempts to make extremely generalized conclusions based on experiences of a limited number of individuals. The data simply does not support such generalized opinions. Accordingly, Plaintiffs' objections are overruled and the January 2008 Order is AFFIRMED.

CONCLUSION

For the reasons set forth above, Plaintiffs' Appeal of Magistrate Judge Tomlinson's January 21, 2008 order is DENIED.

In light of this Order, Plaintiffs may renew their motion to certify the class and amend the Complaint based on the papers previously submitted or they may submit new motion papers and supporting documents. In the event Plaintiffs wish to proceed on their previously submitted papers, they should indicate so in their Notice of Motion.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February 4, 2009
       Central Islip, New York