```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANGEL FELICIANO, SABRINA LACY,
CHRISTOPHER OLUJOBI, DOLORES
BROWN, and LESLIE SCOTT, for
themselves and on behalf of all
others similarly situated,
                                              MEMORANDUM & ORDER
                    Plaintiffs,               04-CV-5321(JS)(AKT)

          -against-

COUNTY OF SUFFOLK; RICHARD DORMER,
Suffolk County Police Commissioner;
JOHN DOES #1-40, being Suffolk County
Police Officers who stopped or
Searched Plaintiffs; and JOHN DOES
#41-50, being unidentified ranking
Police Officers who supervised
John Does #1-40,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Emmanuel Roy, Esq.
                    26 Court Street, Suite 1503
                    Brooklyn, NY 11242

                    Kenechukwu Chudi Okoli, Esq.
                    K.C. Okoli, Attorney at Law
                    330 Seventh Avenue, 15th Floor
                    New York, NY 10001

For Defendants:     Elaine M. Barraga, Esq.
                    Leonard G. Kapsalis, Esq.
                    Suffolk County Attorney's Office
                    100 Veterans Memorial Highway
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

    Currently pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), issued on December 16, 2013 recommending that the case be

dismissed.  For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case, which are detailed in Judge Tomlinson's R&R.  Briefly, plaintiffs Angel Feliciano, Sabrina Lacy, Christopher Olujobi, Dolores Brown, and Leslie Scott, for themselves and on behalf of all other persons similarly situated (collectively "Plaintiffs") commenced this action pursuant to 42 U.S.C. §§ 1981 and 1983 in 2004 alleging that Suffolk County and various other defendants (collectively "Defendants") engaged in a pattern and practice of race-based traffic stops, searches, wrongful detentions, false imprisonment, and other harassment of non-white motorists.

After extensive discovery and years of litigation, the parties discussed the possibility of amending the Complaint with Judge Tomlinson.  (See R&R at 2.)  Following motion practice, Judge Tomlinson directed Plaintiffs to file an Amended Complaint by April 5, 2013.  (See R&R at 2; Memo. & Order dated 3/28/13, Docket Entry 99.)  Plaintiffs' counsel failed to timely file an Amended Complaint and, thereafter, sought various extensions of the time to submit a Joint Pre-Trial Order ("JPTO").  (See R&R at 2-3.)

In requesting these extensions, Plaintiffs' counsel stated that he was unable to reach plaintiff Christopher Olujobi, the "only client whose case survived the last decision of the Court." (R&R at 3 (quoting Ltr. dated 8/13/13 of K.C. Okoli, Docket Entry 102).) Ultimately, Judge Tomlinson granted several requests for an extension of time to file the JPTO as well as a thirty-day stay to allow counsel to locate his client. (See R&R at 3-4.) In an electronic Order dated October 18, 2013, Judge Tomlinson warned that if Plaintiff was not prepared to proceed by November 12, 2013, the case would be dismissed.

Plaintiffs' counsel failed to communicate with the Court by November 12, and on November 25, 2013 defense counsel requested that the action be dismissed. (Docket Entry 105.)

Judge Tomlinson recommends that Defendants' request be granted "based on Plaintiffs [sic] failure to comply with this Court's Orders and the apparent abandonment of this action." (R&R at 5 (citing FED. R. CIV. P. 41(b)).)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d

3

606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, the R&R specifically provided that objections were due within fourteen days of service. (R&R at 5.) The R&R was served on December 26, 2013. (Docket Entry 107.) No party has objected and the Court finds the R&R to be correct, comprehensive, well-reasoned, and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Judge Tomlinson's R&R is ADOPTED in its entirety;

2. Plaintiffs' Complaint is DISMISSED and the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __14__, 2014
       Central Islip, NY